UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEACOR MARINE, LLC** | * | |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **LONGNECKER PROPERTIES, INC.** | * | |
| | * | **MAGISTRATE** |
| _____/ | | |

## COMPLAINT

COMES NOW, by and through undersigned counsel, Plaintiff SEACOR Marine, LLC ("SEACOR") who files this Complaint against Defendant Longnecker Properties, Inc. ("Longnecker") and in support thereof avers as follows:

I.

Plaintiff SEACOR is a limited liability company organized and existing under the laws of the State of Delaware.

II.

Defendant Longnecker is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Thibodaux, Louisiana.

III.

Jurisdiction is based on 28 U.S.C. §1333 as the contracts between the parties are maritime in nature.

1

IV.

Venue is proper in this district because the defendant's principal place of business is in this district and a substantial part of the events giving rise to this action occurred in this district. *28 U.S.C. §1391(b)(1) and (2).*

V.

On August 29, 2001, SEACOR and Longnecker entered into a "Vessel Boarding and Utilization Agreement" in which, *inter alia*, Longnecker agreed to "provide additional assured status to [SEACOR] on any and all policies issued to [Longnecker], which policies shall include worker's compensation/ employer's liability coverage with an endorsement waiving subrogation against [SEACOR.]" *Exhibit A*.

VI.

Also, on November 3, 2004, SEACOR and Longnecker entered into a "Subcontractor Agreement" in which, *inter alia*, Longnecker agreed to have "workman's compensation" insurance, to add SEACOR on the policy as an additional assured, and to have the insurer waive its rights of subrogation against SEACOR. *Exhibit B*.

VII.

On January 30, 2013, Clarence Simon, Jr. filed a third amended complaint in the lawsuit styled *Clarence Simon, Jr v. Longnecker Properties, et al, Civil Action No. 12-1178* pending in the United States District Court for the Western District of Louisiana, naming SEACOR as a defendant, alleging that he was a Jones Act seaman vis-à-vis SEACOR and that SEACOR owed him maintenance and cure, both employment-related causes of action.

VIII.

After Simon's claim for seaman's status was denied in the Western District of Louisiana, Simon filed a sixth amended complaint in that proceeding, alleging a potential cause of action based on the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §901 *et seq*.

IX.

Thereafter, Simon filed a complaint with the U.S. Department of Labor, asserting a claim for benefits under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §901 *et seq*.

X.

On March 25, 2015, pursuant to a motion to join by Simon, SEACOR was added as a putative employer in the Department of Labor proceeding.

XI.

Also, Longnecker has filed a motion for summary judgment in the Western District of Louisiana alleging that SEACOR is Simon's borrowing employer.

XII.

SEACOR denies any employment responsibility to Simon.

XIII.

SEACOR has made demand on Longnecker to provide SEACOR with insurance coverage in compliance with the "Vessel Boarding and Utilization Agreement" and the "Subcontractor Agreement" for the employment-related claims of Simon, but to no avail.

XIV.

Longnecker has breached its contracts with SEACOR by failing to have SEACOR added as an additional assured on its workers's compensation/ employer liability insurance policies.

XV.

As a result of Longnecker's breach of contracts, SEACOR has incurred and will incur attorney's fees and costs in defending claims in the Western District of Louisiana proceeding and in the worker's compensation proceeding before the Department of Labor.

XVI.

As a result of Longnecker's breach of contracts, SEACOR is exposed to potential liability vis-a-vis Simon in the Western District of Louisiana proceeding and in the worker's compensation proceeding before the Department of Labor.

XVII.

WHEREFORE, after due proceedings had, SEACOR Marine, LLC prays that judgment be had in its favor and against Longnecker Properties, Inc.; that Longnecker Properties, Inc. be held to be liable to SEACOR Marine, LLC for all consequences of its breach of contracts, including attorney's fees, costs, and interest; and for all other general and equitable relief to which SEACOR Marine, LLC may be entitled.

Respectfully submitted,

 /s/   Rufus C. Harris, III
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
CINDY GALPIN MARTIN (#25159)
JILL S. WILLHOFT (#28990)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone:  (504) 525-7500
Facsimile:    (504) 525-7222
Attorneys for SEACOR Marine, LLC

**PLEASE SERVE:**

**Longnecker Properties, Inc.**
**2120 Bayou Road**
**Thibodaux, LA 70301**